Prob 12C
(Rev. 3/95 D/HI)

# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 16 2008

at /0 o'clock and 55 min A M.
SUE BEITIA, CLERK

## United States District Court

### for the

### DISTRICT OF HAWAII

U.S.A. vs. KURT NAKAYA _____    Docket No. CR 05-00359JMS-01 _____

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW DEREK M. KIM, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of KURT NAKAYA, in Docket No. CR 05-00359JMS-01, who was placed on supervision by U.S. District Judge J. Michael Seabright sitting in the Court at Honolulu, Hawaii, on the 13th day of March 2006, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

3. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4. That the defendant participate in anger management at the discretion and direction of the Probation Office.

5. That the defendant abide by all Court imposed fines and obligation Federal, State and local.

On 2/8/2008, the offender's supervised release was revoked for the following violations: 1) the offender admitted that he possessed and used methamphetamine on 9/24/2007; 2) the offender's 10/11/2007 urine specimen submitted as part of his substance abuse treatment regimen tested positive for amphetamine and methamphetamine; and 3) the offender refused to comply with

Prob 12C
(Rev. 3/95 D/HI)

2

drug testing that was part of his substance abuse treatment regimen on 11/14/2007.  The offender was sentenced to 1 month imprisonment followed by 35 months of supervised release with the following special conditions:

1.  That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

On 2/25/2008, the offender's second term of supervised release commenced on the island of Kauai.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the offender has violated the conditions of his supervised release (Judgment is attached) as follows:

1.  The offender admitted that he possessed and used methamphetamine on 3/31/2008, in violation of Special Condition No. 1 and Standard Condition No. 7.

Based on the above, the U.S. Probation Officer recommends that a Summons be issued and that the offender appear before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 3/95 D/HI)

3

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a Summons and that the offender appear before the Court to show cause why supervision should not be revoked.

[  ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  4/11/2008

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

ORDER OF COURT

THE COURT ORDERS the issuance of a Summons and that the offender appear before the Court to show cause why supervision should not be revoked.

Considered and ordered this 14th day of April 2008, and ordered and filed and made a part of the records in the above case.

J. MICHAEL SEABRIGHT
U.S. District Judge

Re:    **NAKAYA, Kurt**
       **Docket No. CR 05-00359JMS-01**
       **REVOCATION OF SUPERVISED RELEASE**

### STATEMENT OF FACTS

On 3/13/2006, the offender was sentenced to 18 months imprisonment after having been convicted of Possession of a Prohibited and Unregistered Firearm, in violation of 26 U.S.C. § 5861(d), a Class C felony. The offender was also sentenced to a supervised release term of 3 years with special conditions.

On 6/15/2007, the offender's term of supervised release commenced on the island of Kauai. However, on 1/28/2008, he was arrested pursuant to the officer's request for a violator's warrant based on possession and use of drugs, noncompliance with drug testing and treatment, noncompliance with anger management counseling, and positive drug tests. On that same date, the offender appeared before the Court and denied the alleged violations. Consequently, on 2/8/2008, he appeared before the Court and admitted to the possession and use of methamphetamine violation and one of the positive drug tests. Additionally, the Court found that he refused to submit to drug testing on a single date. The offender's supervised release was subsequently revoked and he was sentenced to 1 month imprisonment followed by 35 months of supervised release. The Court further gave the offender notice, as well as directed this officer, that the offender must return to Court should he violate any of the conditions of supervised release.

On 2/25/2008, the offender was released on supervision on the island of Kauai. He immediately returned to his employment and resided with his girlfriend in Waimea. He also restarted drug treatment and testing at Hina Mauka - Kauai. Since then, the following violation occurred:

### Violation No. 1 - Admission of Possession and Use of Methamphetamine on 3/31/2008:

On 4/3/2008, the offender telephoned this officer from Hina Mauka - Kauai (HM-K) and reported that he "fucked up." Upon questioning, the offender reported that on 3/31/2008, he possessed and used methamphetamine. In this regard, the offender indicated that he purchased $20.00 worth of "ice" and "took two hits" of the drug. He further reported that he smoked the drug after he became upset with his employment and personal situation. The offender elaborated by stating that he had been working nearly 100 hours per paycheck (or 50 hours per week), and was not spending any time with his two children who would come over for noncustodial visitation. The offender further related that although his children would visit, he would be too tired to do anything with them. He reported that he eventually became frustrated with his employment, quit, and then smoked the drug because of his situation.

Re:    **NAKAYA, Kurt**
       **Docket No. CR 05-00359JMS-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

However, the offender noted that immediately after realizing what he had done, he took steps to get back his job as well as spend more time with his children. He further indicated that he knew he would test positive for "ice" when tested on 4/3/2008, but did not want to hide the fact that he had relapsed.

Thereafter, this officer advised the offender that he would be required to return to Court given the Court's instruction to this officer about continued noncompliance. The offender acknowledged that he remembered the Court specifically ordering this officer to have him returned if he violated any of the terms of supervision.

Subsequently, this officer advised the offender that the Court would be notified of the violation and that he will be allowed to appear by summons unless he: 1) continued to use methamphetamine or any other drugs; 2) failed to submit to drug testing or drug treatment; or 3) appeared to pose an imminent threat to himself, his family, and/or the community. The offender agreed and reported that he would speak to his drug counselor about steps to address his relapse.

On 4/9/2008, Kroll Laboratory Specialists, Inc., confirmed that the offender's 4/3/2008 urine specimen tested positive for methamphetamine and amphetamine.

Currently, the offender continues to be employed by Na Pali Explorer and works daily. According to his employer, they will monitor the offender's work hours to ensure that he does not self-impose himself with more work hours than necessary. The offender also continues to submit to drug testing and participates in weekly individual counseling at HM-K. On 4/14/2008, he will be moved from individual counseling to HM-K's Intensive Outpatient Program (IOP) which consists of group counseling sessions of 3 hours per session, 3 days per week for 3 months.

In light of the aforementioned violation, it does appear the offender is amenable to supervision. However, given that his drug relapse occurred only a month after he was released from custody after having his supervision revoked, his actions suggest that intervention by the Court, even if for the purpose of an appearance, is necessary.

Re:    **NAKAYA, Kurt**
       **Docket No. CR 05-00359JMS-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 3**


        Consequently, the Probation Office recommends that a Summons be issued for the offender to voluntarily appear before the Court.

                                        Respectfully submitted by,

                                        _____

                                        DEREK M. KIM
                                        Senior U.S. Probation Officer


Approved by:

_____   DEREK KIM

FOR   GENE DeMELLO, JR.
      Supervising U.S. Probation Officer

Date: 4/11/2008

DMK/pts

Re:    **NAKAYA, Kurt**
       **Docket No. CR 05-00359JMS-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 4**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any other special conditions that warrant consideration at this time.

AO 245D    (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case for Revocation

# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 11 2008

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

# United States District Court

## District of Hawaii

UNITED STATES OF AMERICA

v.

**KURT NAKAYA**
(Defendant's Name)

**JUDGMENT IN A CRIMINAL CASE**
(For Revocation of Probation or Supervised Release)

Criminal Number:    1:05R00359-001
USM Number:    92521-022

Loretta A. Faymonville, AFPD
Defendant's Attorney

## THE DEFENDANT:

[✓]  admitted guilt to violation of condition(s) _Standard Condition No. 7_ of the term of supervision.
[✓]  was found in violation of condition(s) _Special Condition No. 1_ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through _5_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.:    6251

Defendant's Residence Address:
Kekaha, Hawaii 96752

Defendant's Mailing Address:
Waimea, Hawaii 96796

February 8, 2008
Date of Imposition of Sentence

Signature of Judicial Officer

J. MICHAEL SEABRIGHT, United States District Judge
Name & Title of Judicial Officer

February 8, 2008
Date

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet 1

CASE NUMBER:        1:05R00359-001
DEFENDANT:          KURT NAKAYA

Judgment - Page 2  of  3

### ADDITIONAL VIOLATION

Violation Number | Nature of Violation | Date Violation Concluded
--- | --- | ---

1     The offender admitted that he possessed and used methamphetamine on 9/24/2007

2     The offender's 10/11/2007 urine specimen submitted as part of his substance abuse treatment regimen tested positive for amphetamine and methamphetamine

3     The offender refused to comply with drug testing that was part of his substance abuse treatment regimen on 11/14/2007.

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
           Sheet 2 - Imprisonment

CASE NUMBER:    1:05R00359-001                                    Judgment - Page 3  of  6
DEFENDANT:      KURT NAKAYA

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of: 1 MONTH

[ ]    The court makes the following recommendations to the Bureau of Prisons:

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before _ on ___.
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____    _____

_____

Defendant delivered on_____ to _____

at _____ with a certified copy of this judgment.


                                              _____
                                                    UNITED STATES MARSHAL


                                        By _____
                                                    Deputy U.S. Marshal

AO 245B     (Rev. 6/05) Judgment in a Criminal Case
Sheet 3 - Supervised Release

CASE NUMBER:     1:05R00359-001                                                    Judgment - Page 4 of 6
DEFENDANT:       KURT NAKAYA

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 35 MONTHS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

That the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter, but not more than 15 valid drug tests per month during the term of supervised release.

[ ]     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✓]     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[ ]     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]     The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without permission of the court or probation officer;
2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)   the defendant shall support his or her dependants and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)   the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 6/05) Judgment in a Criminal Case
          Sheet 3 - Supervised Release

| CASE NUMBER: | 1:05R00359-001 | Judgment - Page 5 of 5 |
| DEFENDANT: | KURT NAKAYA | |

## SPECIAL CONDITIONS OF SUPERVISION

1.     That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2.     That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U. S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to a search pursuant to this condition.

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

Defendant                                    3/20/06
                                             Date

United States Probation Officer              3/2/18
                                             Date